UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
       :
PRIORITY INSTITUTIONAL PARTNER      :
SERVICES, LLC D/B/A PRIORITY            :      20 Civ. 9984 (LGS)
COMMERCIAL PAYMENTS,                   :
                              Plaintiff,      :               ORDER
       :
            -against-                         :
       :
CITIZENS BANK, N.A.,                       :
                              Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed a Notice of Removal on November 27, 2020, (Dkt. No. 1);

WHEREAS, the Notice of Removal failed to allege the citizenships of the limited liability company members of Priority Institutional Partner Services, LLC, both at the time of the commencement of the action, and at the time of the Notice of Removal;

WHEREAS, the Notice of Removal failed to allege the time during which Defendant has been a citizen of Rhode Island;

WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal. "The general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

WHEREAS, a limited liability company generally takes the citizenship of each of its members for the purposes of diversity jurisdiction.  *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  It is hereby

**ORDERED** that the matter is summarily remanded to state court.  Defendant's Notice of Removal is procedurally defective.  Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, New York County.  The Clerk of Court is further directed to close the case.

Dated: December 2, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**